**Jose Antonio RAMOS, Plaintiff,**
v.
**NATIONAL BISCUIT COMPANY,**
**Defendant.**

**Civ. No. 144-68.**

United States District Court,
D. Puerto Rico.

Feb. 24, 1971.

Marcelino Delgado Medina, Rio Piedras, P. R., for plaintiff.

Eber E. Lugo, San Juan, P. R., for defendant.

FINDINGS OF FACTS, CONCLU-
SIONS OF LAW AND
JUDGMENT

TOLEDO, District Judge.

This is an action brought by plaintiff José A. Ramos, to recover from the defendant National Biscuit Company overtime compensation. The claim is based under the Federal Labor Standards Act of 1938, as amended, 29 U.S.C.

§ 201, Law 379 of May 15, 1948, as amended, 29 L.P.R.A. §§ 271–288, Law 2 of Oct. 17, 1961, 32 L.P.R.A. §§ 3114–3132 and Mandatory Decrees of the Minimum Wage Board of the Commonwealth of Puerto Rico, applicable to the warehouse and wholesale industry.

The case was removed from the San Juan Section of the Superior Court pursuant to the defendant's petition based on diversity of citizenship, 48 U.S.C.A. §§ 863–864, and Sections 1332, 1441 of Title 28 U.S. Judicial Code.

The trial on the merits was held on January 7, 1971, and the parties submitted memoranda of law. The principal issue in controversy is to determine whether in this case plaintiff is a bona fide executive under the meaning of the applicable laws, regulations and jurisprudence, as defendant alleges. The Court, after due consideration of the testimony, documents admitted in evidence and the briefs filed by the parties, make the following

### FINDINGS OF FACTS

1.—The claim runs from June 11, 1965 to February 2, 1968, when plaintiff worked as chief clerk and shipping clerk in the defendant's warehouses. During this period plaintiff did not receive overtime compensation for work performed in excess of 8 hours a day and 40 hours a week. Plaintiff worked in the defendant's warehouses of Ponce and San Juan with the following duties (Plaintiff's Exhibit 12, Job Description):

(a) In Ponce, as chief clerk, he was responsible for same duties of shipping clerk at San Juan, billing, manifesting and settlement of manifests, two manifests per day, keeping of petty cash.

(b) In San Juan, as shipping clerk, he was responsible for supervision of warehousemen and deliverymen's work, preparing orders in route for delivery, arranging for trailer receivings required every day according to stock needs and time trailer is available, checking receiving sheets to shipment notices and reconciling differences, stock being properly rotated, and maintaining proper sanitary control, inventory for ordering at end of month, maintenance and care of truck fleet, arrangements for rental of outside trucks when necessary.

2.—Plaintiff had the warehouse-foreman position and received over $100.00 per week with overtime compensation until June 4, 1965, when his classification changed to Chief Clerk and he was sent to work in Ponce with a flat salary of $90.00 a week without overtime pay. (Plaintiff's Exhibit I, Form 101–B). On June 26, 1966, plaintiff was transferred from Ponce to San Juan as shipping clerk also with a flat salary (no overtime compensation) assuming the position at less annual earnings of the foreman. (Plaintiff's Exhibit 2, Form 101–B). During the period claimed, all the other defendant's shipping clerks had the same duties and, although they earned a basic salary over $75.00 a week, also received overtime compensation (Plaintiff's Exhibit 5, 1967 pay-roll).

3.—According to plaintiff's job description, his primary duty consisted in performing office clerical work. His work was manual, routinary and unrelated to the management of the defendant's enterprise or of a customarily recognized department or subdivision. His duties were clerical and did not have relation with the traditional discretion and important decisions characteristic of the management.

The managerial authority and power was exercised by Mr. Miguel Luis Ripoll who was the plaintiff's supervisor and defendant's office manager.

4.—Plaintiff did not have authority to hire or fire employees, although he recommended for employment candidates he thought were responsible and could perform the work. The interviewing, screening and selection of the candidates was made by the office manager from

those who approved the test given by the defendant.

5.—Plaintiff's duties consisted of clerical office work, repetitive in nature that did not require customarily and regularly the exercise of discretion and independent judgment. In the course of his work, plaintiff merely applied his knowledge and skill following defendant's prescribed standards to perform the office and warehouse work. Plaintiff did not have the authority or power to make independent decisions or choice free from his immediate supervisor regarding matters of importance. Plaintiff neither participated in the formulation of defendant's policy, nor had authority to commit his employer in substantial matters, financially or otherwise. We have examined the plaintiff's job description and all his duties fall very short in establishing the customarily and regularly exercised discretionary powers within the meaning of law and regulations. The term discretion and independent judgment does not apply to the kinds of decisions normally made by clerical employees like the plaintiff.

6.—Plaintiff dedicated more than 80% of his working time performing clerical office work unrelated to:

(a) The management of the defendant's enterprise or of a customarily recognized department or subdivision thereof.

(b) The hiring, firing, promotion or any change of status of other employees.

(c) The customarily and regularly exercised discretionary powers.

He was compensated for his services on a salary basis over $75.00 a week, exclusive of board, lodging, or other facilities. The Court concludes that the plaintiff worked for the defendant two extra hours in excess of 8 hours daily without receiving the overtime compensation established by law, at a rate of twice his regular pay.

## CONCLUSIONS OF LAW

1.—Defendant, National Biscuit Company, is engaged in interstate commerce within the meaning of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201), and comprised in the wholesale and warehouse industry defined by Mandatory Decree No. 68 of the Minimum Wage Board of the Commonwealth of Puerto Rico. (29 L.P.R.A. 245n–891).

2.—Plaintiff does not qualify as a bona fide executive under the meaning of the law because he does not meet the requirements (a), (c), (d) and (e) of the regulation defining the term "executive" issued under Title 29 U.S.Code:

"The term 'employee employed in a bona fide executive * * * capacity' in section 13(a) (1) of the act shall mean any employee:

(a) Whose primary duty consists of the management of the enterprise in which he is employed or of a customarily recognized department or subdivision thereof;

(b) Who customarily and regularly directs the work of two or more other employees therein;

(c) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight;

(d) Who customarily and regularly exercises discretionary powers;

(e) Who does not devote more than 20 per cent or, in the case of an employee of a retail or service established, who does not devote as much as 40 per cent of his hours of work in the workweek to activities which are not directly and closely related to the performance of the work described in paragraphs (a) through (d) of this section: Provided, that this paragraph shall not apply in the case of an employee who is in sole charge of an independent establishment or a physi-

cally separated branch establishment, or who owns at least a 20 percent interest in the enterprise in which he is employed; and

(f) Who * * * is compensated for his services on a salary basis at a rate of not less than * * * $75.00 per week * * * exclusive of board, lodging, or other facilities."

3.—The exclusion of an employee from the benefits of the Labor Law because he is an executive must be clear and strictly construed. Therefore, the employee must meet all the requirements for exclusion established by the regulation, not one or some of them. Piñan v. Mayaguez Sugar Company, Inc., 84 D.P.R. 86; Luis Lopez Santos v. Tribunal Superior de Puerto Rico, Ref. C.A. 123 (1970).

4.—Pursuant to Sections 274 and 282 of Law 379, 29 L.P.R.A. §§ 271–299, the plaintiff is entitled to the relief prayed in his complaint, to wit, judgment for his work performed in excess of the legal eight-hours working days at a rate equal to double the rate agreed upon for regular hours, plus an additional equal amount as liquidated damages, and attorney's fees.

5.—For the period claimed, plaintiff is owed as unpaid extra work the amount of money set forth in the following schedule:

| Period | Weekly Wages | Reg. Rate of Pay (Weekly Wage) (40) | Total Extra Hours | Amount Owed |
|---|---|---|---|---|
| June 11/65 to May 25/66 | $ 90.00 | $ 2.25 | 598 | $ 2,691.00 |
| May 26/66 to Dec. 14/66 | 100.00 | 2.50 | 290 | 1,450.00 |
| Dec. 15/66 to Dec. 13/67 | 105.00 | 2.63 | 520 | 2,735.20 |
| Dec. 14/67 to Feb. 2/68 | 110.00 | 2.75 | 74 | 407.00 |
| | | | Total .... | $ 7,283.20 |

## JUDGMENT

The Court, having filed its findings of facts and conclusions of law on this date and for cause shown:

It is ordered, adjudged and decreed, that the defendant National Biscuit Company pay to the plaintiff, José A. Ramos, the sum of $7,283.20, an additional equal amount as liquidated damages, plus $3,000.00 for the plaintiff's attorney fees.

It is further ordered, adjudged, and decreed, that the costs be taxed against the defendant.